Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
**CLAYEO C. ARNOLD, PC**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for PLAINTIFF
*IEDIA HESS*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IEDIA HESS,<br><br>    PLAINTIFF,<br><br>vs.<br><br>HEILIND ELECTRONICS, INC.,<br><br>    DEFENDANT. | Case No.:<br><br>**COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

Comes now PLAINTIFF IEDIA HESS, who alleges and complains as follows on information and belief, and who prays for relief from the court. All references to PLAINTIFF or DEFENDANT are intended to apply to each and every such party individually and collectively without reference to plurality.

**PARTIES**

1. IEDIA HESS (hereafter "PLAINTIFF") is an adult individual residing in California. PLAINTIFF was at all relevant times employed and/or supervised by DEFENDANT, who set the terms and conditions of PLAINTIFF'S employment and oversaw and directed PLAINTIFF payment of wages and records of time worked.

2. HEILIND ELECTRONICS, INC. (hereafter "DEFENDANT") is a private for-profit company who employed PLAINTIFF within the jurisdiction and venue of this Court. PLAINTIFF worked in California.

**JURISDICTION AND VENUE**

3. Subject matter jurisdiction exists because the Complaint alleges violation of the U.S. Fair Labor Standards Act. 29 USC § 201. Supplemental jurisdiction applies to the transactionally related state law claims. 28 USC § 1367.

4. Subject matter jurisdiction also exists due to diversity. Plaintiff is a resident of California. Defendant is a corporation whose nerve center is in Delware and is not incorporated in California.

5. The acts and omissions alleged herein occurred in and had their effect in California within the jurisdiction and venue of this Court.

6. PLAINTIFF has signed consent to be a party to this Complaint, and such consent is filed herewith.

**ALLEGATIONS**

7. PLAINTIFF was employed by DEFENDANT as a non-exempt employee paid by the hour. She performed office work. She was not a supervisor and did not hold any state license as a condition of her employment.

8. DEFENDANT describes itself as follows on its website: "Heilind Electronics is one of the world's leading distributors for interconnect, electromechanical, and sensor products. As the industry's preeminent distributor, Heilind stocks the largest inventory of connector products in North America."

9. DEFENDANT generally and with repsect to PLAINTIFF specifically falls within California IWC Wage Order No. 4 or a substantially similar Wage Order, which requires, among other things: an uninterrupted 30 minute unpaid meal period within the first five hours of work; a net-10 minute rest period in the middle of every 3.5 hour block of work; payment wages for all time spent working or on active standby; and payment of overtime wages as required by law.

10. PLAINTIFF was told when hired that the position would not include overtime. However, after she started working for DEFENDANT, she was given a workload that could only be completed with overtime work. She therefore worked longer than usual hours, including more than 8 hours in a day and more than 40 hours in a week.

11. DEFENDANT told PLAINTIFF that the company did not pay overtime and that overtime would be volunteering for the company. This reflects an intentional and willful failure of the company to pay wages in compliance with the law.

12. DEFENDANT'S supervisor expressly stated to PLAINTIFF that no one should stop working before 5 pm, even if they started work early and had put in eight hours of work before 5 pm. In keeping with this, on occassions when PLAINTIFF started work before 8 am, PLAINTIFF was still required to work until 5 pm without any overtime. This reflects an intentional and willful failure of the company to pay wages in compliance with the law.

13. PLAINTIFF was routinely required to present for work about 30 minutes before the official starting time, and was not paid for working and being available during such times.

14. PLAINTIFF routinely worked overtime, putting in 60 hours per week at times. Yet, she was only paid for 40 hours of work per week.

15. PLAINTIFF was repeatedly called and required to do work during her unpaid 30 minute meal period, but was not paid for the work performed during that time nor paid a premium as required by California law for non-compliance with meal period rules in the Cal. Labor Code and Industrial Wage Orders.

16. DEFENDANT not only failed to pay the overtime rate for overtime hours worked, but failed to pay anything at all for such hours. In this way DEFENDANT violated both the overtime and minimum wage rules.

17. DEFENDANT failed to pay PLAINTIFF premiums for missed meal periods as required by California law.

18. DEFENDANT did not provide PLAINTIFF with accurate paystubs/wage statements because the statements provided did not accurately state all hours worked or all wages due.

19. PLAINTIFF filed an administrative complaint with the California Labor and Workforce Development Agency. That administrative complaint is attached hereto and incorporated by reference as though fully set forth here.

20. DEFENDANT failed to cure PLAINTIFF'S defective paystubs or pay wages due despite the above administrative complaint.

21. DEFENDANT willfully failed to pay wages for all hours worked as alleged herein, and thereafter willfully failed to pay all wages due at any time, including up to the present, after PLAINTIFF'S employment with DEFENDANT ended. DEFENDANT is therefore liable for 30 days of pay to PLAINTIFF as a waiting time assessment under California law.

22. DEFENDANT has a common practice of not paying any overtime to its office and remote-office employees, regardless of the hours they work. DEFENDANT'S practice can be readily proven by comparing initially submitted timecard data with final-version timecard data used for payroll and electronic records of employee activity such as email metadata and network access logs.

## **COUNTS**

## Count No. 1

### Violation of Fair Labor Standards Act - Failure to Pay Minimum Wage - 29 U.S.C. § 206

### BY ALL PLAINTIFF AGAINST ALL DEFENDANT

23. PLAINTIFF incorporates all prior paragraphs by reference.

24. DEFENDANT failed to pay PLAINTIFF on time for all hours worked by the scheduled payday, thereby failing to pay minimum wage as required by the Fair Labor Standards Act.

25. PLAINTIFF prays for unpaid wages, liquidated damages, attorney-fees, costs of litigation, and such other relief as the court may see fit to award. This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

## Count No. 2

### Violation of Fair Labor Standards Act - Failure to Pay Overtime - 29 U.S.C. § 207

### BY ALL PLAINTIFF AGAINST ALL DEFENDANT

26. PLAINTIFF incorporates all prior paragraphs by reference.

27. DEFENDANT failed to pay PLAINTIFF for those hours worked in excess of forty hours per week as required by 29 USC § 207 at the rate of one and one-half the applicable non-overtime rate of pay.

28. PLAINTIFF prays for unpaid wages, liquidated damages, attorney-fees, costs of litigation, and such other relief as the court may see fit to award. This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

## Count No. 3

### Failure to Pay Minimum Wage in Violation of Cal. Labor Code §§ 1197, 1194.2; IWC WAGE ORDERS

### BY ALL PLAINTIFF AGAINST ALL DEFENDANT

29. PLAINTIFF incorporates all prior paragraphs by reference.

30. Cal. Labor Code §1197 sets the applicable minimum wage to that set forth in the relevant IWC Wage Order.

31. All Wage Orders relevant to this matter require payment for all time that an employee is suffered or permitted to work. See, e.g., IWC Wage Order 9 at para 4 [pay required for "all hours worked"], para 2(H) ["'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."] All IWC Wage Orders include substantially similar terms requiring payment of minimum wages at the designated rate. The applicable IWC Wage Order in this matter is determined by law based upon the industry of the employing DEFENDANT and the occupation of the PLAINTIFF.

32. Cal. Labor Code §1194 provides a private right of action to recover unpaid wages as minimum wages, interest, and attorney's fees.

33. Cal. Labor Code §1194.2 enhances the private right of action to recover unpaid minimum wages to include an equal amount in liquidated damages, and related relief.

34. PLAINTIFF was suffered and/or permitted by DEFENDANT and each of them to work off the clock such that wages were not paid for some hours worked.

35. All unpaid work hours reflect a minimum wage violation.

36. Cal. Labor Code § 558.1 provides for liability for both employers and for managers in control of the particulars of recording hours worked and payment of wages because, among other reasons, violations of minimum wage rules and IWC Work Orders concerning minimum wages and work hours/days are expressly referenced in the statute.

37. PLAINTIFF prays for unpaid wages, liquidated damages in an equal amount, interest as provided by law, attorney's fees, and costs of litigation.

## Count No. 4

**Failure to Pay Minimum Wage in Violation of Cal. Labor Code §§ 510, 1194; IWC WORK ORDERS**

**BY ALL PLAINTIFF AGAINST ALL DEFENDANT**

38. PLAINTIFF incorporates all prior paragraphs by reference.
39. DEFENDANT caused PLAINTIFF to not be paid overtime wages where required by law, as pled herein.
40. California Labor Code § 510 and the relevant IWC Wage Order require payment of 1.5 times or more the regular rate of pay where an employee, among other circumstances, works for more than 8 hours per day, 40 days per week, or 6 days per week.  See, e.g., IWC Wage Order 9 at para 3.  All IWC Wage Orders impose substantially the same standard to all industries and occupations.
41. California Labor Code § 1194 permits civil suit by affected employees for such unpaid wages, interest on such amounts, reasonable attorney's fees, and costs of suit.
42. PLAINTIFF alleges PLAINTIFF was not paid overtime wages when PLAINTIFF'S work hours so-required.  As such, PLAINTIFF is entitled to such unpaid overtime wages, interest, attorney fees, and costs according to proof.  Where overtime wages were unpaid because certain working time was not paid at all, PLAINTIFF reserves the right to seek the maximum recovery in the interaction between minimum wage and overtime wage standards.
43. Cal. Labor Code § 558.1 provides for liability for CORPORATE DEFENDANT and INDIVIDUAL DEFENDANT as to this count because, among other reasons, Cal. Labor Code 1194 is expressly referenced in the statute.

## Count No. 5

## Failure to Pay Meal Premiums in Violation of Cal. Labor Code § 226.7; IWC WORK ORDER

## BY ALL PLAINTIFF AGAINST ALL DEFENDANT

44. PLAINTIFF incorporates all prior paragraphs by reference.
45. DEFENDANT caused PLAINTIFF to not be paid premiums of one hour of wages for each occasion on which PLAINTIFF was not provided with an unpaid uninterrupted 30 minute break relieved of all work duties, as alleged herein.

46. Such premiums were required to be paid pursuant to Labor Code § 226.7 ["If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided."]

47. Such premiums were required to be paid by the relevant IWC Wage Order.  See, e.g., IWC Wage Order No. 9 [Transportation Industry] available in current and historical forms at https://www.dir.ca.gov/iwc/wageorderindustries.htm.  Wage Order 9 effective as of 2002 states at par 11(D), "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided." All IWC Wage orders for all industries and occupations contain substantially this same standard.

48. PLAINTIFF alleges PLAINTIFF was not provided with legally compliant meal periods as a general rule such that one hour of wages is due to PLAINTIFF for each day of employment, or as otherwise established by proof.

49. Cal. Labor Code § 558.1 provides for liability for CORPORATE DEFENDANT and INDIVIDUAL DEFENDANT as to this count because, among other reasons, Cal. Labor Code 226.7 is expressly referenced in the statute.

## Count No. 6

## Failure to Provide Compliant Wage Statements in Violation of Cal. Labor Code §§ 226, 226.3

### BY ALL PLAINTIFF AGAINST ALL DEFENDANT

50. PLAINTIFF incorporates all prior paragraphs by reference.

51. DEFENDANT failed to provide paystubs/wage statements in a manner required by law to PLAINTIFF, as alleged herein.  Paystubs/wage statements must timely provided with payment of wages and correctly state all information required in Labor Code § 226(a).

52. PLAINTIFF alleges that any paystubs/wage statements provided failed include all such information, including but not limited to an accurate statement of hours worked, wages due, and the name and address of their employer(s).
53. Cal. Labor Code § 226(e) provides a private right of action for such inaccurate paystubs for $50 in damages for the first violation, and $100 for subsequent violations up to a maximum of $4,000.  Attorney fees and litigation costs are also recoverable.
54. Cal. Labor Code § 226.3 provides for a penalty of $250 for the first occurrence and $1,000 per subsequent occurrence when no paystub is provided.
55. PLAINTIFF seeks the maximum available damage and/or penalty.
56. Cal. Labor Code § 558.1 provides for liability for CORPORATE DEFENDANT and INDIVIDUAL DEFENDANT as to this count because, among other reasons, Cal. Labor Code 226 is expressly referenced in the statute.

## Count No. 7

## Breach of Contract - CACI 300, et seq.

## BY ALL PLAINTIFF AGAINST ALL DEFENDANT

57. PLAINTIFF incorporates all prior paragraphs by reference.
58. At all relevant times, PLAINTIFF and DEFENDANT had a contractual relationship in which PLAINTIFFS were to provide labor as employees and DEFENDANT were to pay the agreed upon wages for such work, subject to all employee protections, wage floors, premiums, penalties, and other regulation of the workplace afforded by law of the State of California.
59. At all times, PLAINTIFF performed work to the degree required to trigger the obligation of DEFENDANT to pay all wages due.
60. DEFENDANT failed to pay all wages due and thereby breached their contract with PLAINTIFF.
61. PLAINTIFF are entitled to payment of all wages due but not paid.
62. This count is alleged against CORPORATE DEFENDANT.

63. This count is alleged against INDIVIDUAL DEFENDANT as joint employers of PLAINTIFFS, and joint venturers with CORPORATE DEFENDANT.  PLAINTIFF reserve all rights to purse collection of such penalties from INDIVIDUAL DEFENDANT on account of the abuse of corporate form as alleged herein as may be established according to proof.  Further, INDIVIDUAL DEFENDANT tortiously interfered in the contract between PLAINTIFF and DEFENDANT as alleged herein such that INDIVIDUAL DEFENDANT are responsible for PLAINTIFF' losses.

### Count No. 8

### Unfair Competition Law - Unlawful Prong - Cal. Bus. & Prof. Code § 17200

### BY ALL PLAINTIFF AGAINST ALL DEFENDANT

64. PLAINTIFF incorporate all prior paragraphs by reference.
65. The wrongful conduct of DEFENDANT alleged herein are both a longstanding business practice and individual unfair business acts.
66. The wrongful acts alleged herein are unlawful because they violate wage and hour rules as pled herein.  They are unfair because they are closely related to (tethered to) wage and hour rules as pled herein.
67. The wrongful conduct alleged herein caused pecuniary loss to PLAINTIFF including but not limited to mitigation costs associated with unpaid wages and the unpaid wages and premiums themselves, the right to which had vested with PLAINTIFF at the time the associated work or wrongs occurred.
68. The wrongful conduct alleged herein affected not just PLAINTIFF but other similarly situated persons employed by or otherwise working for DEFENDANT in the same business enterprises where PLAINTIFF worked in the courses of employment at issue in this litigation.
69. DEFENDANT wrongfully obtained a benefit by failing to pay PLAINTIFF and similarly situated persons as alleged herein, including wrongful retention of wages/premiums/penalties and interest on the same.

70. PLAINTIFF seek restitution of such wrongfully withheld and obtained benefits for themselves and, to the extent permitted by law, similarly situated current or past employees.
71. PLAINTIFF seek injunctive relief requiring CORPORATE DEFENDANT to alter their policies and practices to provide for legally mandated rest and meal periods and to record and pay for all hours worked.
72. To the degree this count confers a public benefit, PLAINTIFF reserve the right to seek attorney fees pursuant to Cal. Code of Civil Procedure §1021.5.
73. This count is alleged against CORPORATE/EMPLOYER DEFENDANT.

### Count No. 9
### PAGA Claim- Cal. Labor Code § 2699, et seq.
### BY ALL PLAINTIFF AGAINST ALL DEFENDANT

74. All prior paragraphs are incorporated by reference.
75. The attached PAGA Letter / LWDA Administrative Complaint is incorporated by reference.
76. PLAINTIFF and all similarly situated current and past employees as and to the degree alleged in the attached PAGA Letter are "aggrieved employees" as defined by Labor Code § 2699(a). Pursuant to Labor Code § 2699, the Labor Code Private Attorneys General Act of 2004 ("PAGA"). PLAINTIFF notified the Labor Commissioner of the violations referenced herein as noted in the attached PAGA Letter / LWDA Administrative Complaint, and informed DEFENDANT of the intention to file this action on behalf of PLAINTIFF and other current and former employees of DEFENDANT. The Labor Commissioner did not respond to the PAGA Letter / LWDA Administrative Complaint within 65 days. PLAINTIFF thereafter initiated these civil proceedings to collect PAGA penalties.
77. PLAINTIFF seek all applicable penalties that may be recovered in addition to other damages pursuant to Labor Code § 2699 et seq.

78. This count is alleged against CORPORATE/EMPLOYER DEFENDANT and not against any individual DEFENDANT who is not an employer of PLAINTIFF.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For unpaid wages;
2. For liquidated damages;
3. For prejudgment interest to the extent allowed by law;
4. For all penalties awardable by law;
5. For attorney's fees as provided by law;
6. For costs of litigation;
7. For such other and further relief as this court deems just and proper.

For due process purposes, Plaintiff asserts damages of up to $200,000. This number may be adjusted upwards or downwards in keeping with information obtained in conformity with law, and is asserted here for default-judgment purposes.

Respectfully submitted,

Date:  August 18, 2023                    CLAYEO C. ARNOLD, PC


                                          By:    /s/ Joshua H. Watson
                                                 Joshua H. Watson
                                                 Attorneys for PLAINTIFF


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all matters subject to determination by a jury.

Date:  August 18, 2023                    CLAYEO C. ARNOLD, PC


                                          By:    /s/ Joshua H. Watson

Joshua H. Watson
Attorney for PLAINTIFF

**ATTACHMENT 1: LWDA ADMINISTRATIVE COMPLAINT – "PAGA LETTER"**

**ARNOLD LAW FIRM**

865 Howe Avenue, Sacramento, CA 95825
7B Corporate Center Court, Greensboro, NC 27408
P: 916-777-7777 | F: 916-924-1829 | justice4you.com

| | |
|---|---|
| CLAYEO C. ARNOLD | PERSONAL INJURY |
| ANTHONY M. ONTIVEROS | WRONGFUL DEATH |
| JOHN T. STRALEN* | EMPLOYMENT LAW |
| *The Board-Certified Civil Trial Advocate by the National Board of Trial Advocacy | PRODUCT LIABILITY |
| JOSHUA H. WATSON | CLASS ACTION |
| M. ANDERSON BERRY | QUI TAM |
| ANDREW G. MINNEY | DATA BREACH |
| GREGORY HAROUTUNIAN | |
| JEFFREY J.A. HINRICHSEN | |
| MICHAEL WELLS | |
| GINA M. BOWDEN** | |
| **Of Counsel | |

March 20, 2023

**Via Certified Mail, Return Receipt Requested**

| HEILIND ELECTRONICS, INC.<br>Agent for Service: Amanda Garcia<br>330 N Brand Blvd<br>Glendale, CA | HEILIND ELECTRONICS, INC.<br>AGENT: C T CORPORATION SYSTEM<br>28 LIBERTY STREET<br>NEW YORK, NY  10005 |
|---|---|
| HEILIND ELECTRONICS, INC.<br>58 JONSPIN RD<br>WILMINGTON, MA 01887 | |

**Via Electornic Submission**
Labor Workforce & Development Agency
https://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html

    **RE:**    **NOTICE OF COMPLAINT FILED WITH LWDA,**
            **DEMAND FOR EMPLOYEE RECORDS, & PRESERVATION DEMAND**
            Employee:    Iedia Hess
            Employer(s): Heilind Electronics, Inc.
            Dates of Employment: 03/09/2022 – Present

Dear EMPLOYER and LWDA:

This letter is a complaint and notice of complaint to the California Labor Workforce & Development on behalf of the above-named employee and those similarly situated against the above identified employer(s) for violations of sections of the California Labor Code enforceable by the Private Attorney General's Act, Labor Code § 2699, et seq. Arnold Law Firm represents the above-identified employee.  A designation of counsel form is attached.

This letter is also a demand for production of the following employee records, which the above employer(s) must produce within 21 days of receipt of this letter or be subject to suit:

1. All documents reflecting wages paid to the employee, and specific hours worked.
   (See Cal. Labor Code § 226(c).)

2. All documents that were signed by the employee.
   (See, Cal. Labor Code § 432.)

3. The employee's personnel file in its entirety.
   (See Cal. Labor Code § 1198.5.)

This letter is also a demand that the employer(s) identified above preserve all potential evidence related to the complaints in this matter and alter any document retention policies to avoid destruction of potentially relevant material. All business records, computer records, third party app data, cell phone messages, cell phone bills, computers, tablets, mobile phones, and any other form of information or means of storing information related to the issues raised here or in any way relating to our client's employment or communications must be preserved. This extends to both company materials and the materials owned by other employees (e.g., a manager's cell phone). Any destruction, deletion, or alleged "loss" of such materials will result in a request for sanctions for spoilation of evidence.

In general terms, our client alleges the following:

During the period of employment identified above, our client worked as a Credit Analyst/Collector. In that time, the above-identified employer(s) violated the following sections of the California Labor Code:

| Labor Code Violation | Description of Violation |
| --- | --- |
| LC 226 [paycheck stub does not include: □ gross wages, □ total hours worked or number of pieces, □ all deductions, □ net wages, inclusive dates of pay period, □ employee name, □ SSN or employee ID number, □ name, □ hourly rate(s) in effect for pay, period with hours worked for each.] | The employee's paystubs did not accurately state all the hours she worked, and thereby failed to state the proper total hours worked, gross wages, and net wages. |
| LC 510 [overtime violations] | The employee was not paid for all the hours worked, some of which were overtime hours. For example, Employee was assigned projects after 5 pm on Friday that would be due early morning on Saturday, which led to her working overtime through weekends. Claimant would work 7 days a week at times. Claimant and other situated employees would have to come in 30 minutes before their |

Notice of Complaint; Demand for Employee Records; Preservation Demand
March 20, 2023
Page 3

|  | shift starts, but would not be allowed to clock in until 8:00 am.<br><br>Employer would change the time cards to always reflect 40 hours of work per week, even when claimant clearly was working for at times 60+ hours a week. |
|---|---|
| LC 1194, 1197, 1197.1 [minimum wage violations] | The employee was not paid for all the hours worked, some of which were overtime hours, therefore the minimal wage order was violated. Claimant and other situated employees would have to come in 30 minutes before their shift starts, but would not be allowed to clock in until 8:00 am, etc. |
| LC 1199 [penalty for wage, hour, condition violations, 1171-1206] | The conduct discussed herein violates the relevant wage and hour order. |
| LC 226.7,512 [meal/rest break violations] | The employee was often permitted or even required to work through meal and rest periods. For example, if a client called during lunch or rest period it was expected of the Claimant to pick up the phone and talk to client while being clocked out. |
| LC 1198 [violation of wage order] | The conduct discussed herein violates the relevant wage and hour order. |

The to the degree any violations of the California Labor Code are curable before suit, the employer(s) must do so within the statutory period and file and serve robust proof of any such cure.   Unless otherwise instructed by LWDA, we will file suit or amend any already-filed civil suit to include these PAGA allegations at the conclusion of the mandatory waiting period provided for by statute.

Very truly yours,


/s/

Joshua H. Watson,
Attorney at Law

**ARNOLD LAW FIRM**

865 Howe Avenue, Sacramento, CA 95825
P: 916-777-7777 | F: 916-924-1829 | justice4you.com

# AUTHORIZATION FOR LEGAL REPRESENTATION AND RELEASE OF INFORMATION

TO : Heilind Elctronics, Inc.

  _____

RE : Client's Name : Iedia Hess
  Date of Birth : _____
  Matter : Hess v. Heilind Electronics, Inc.

I, the undersigned, hereby appoint Clayeo C. Arnold, A Professional Law Corporation dba Arnold Law Firm, their attorneys, employees, agents and representatives, as my legal representative for investigating certain matters.

I authorize the party, agency or entity to whom this authorization is directed to furnish to my attorney, his agents, designees or representatives, the following: any and all records in your possession pertaining me, the undersigned. These records include but are not limited to, police reports, investigative reports, and related information; personnel, employment, payroll records and related information; insurance, policy information, payments, listing of providers, and related information; academic or school records, attendance records, grades, reports and related information; including but not limited to those listed above and further specified below:

_____

I hereby waive any privilege which would prevent you from disclosing the above-described information to my attorney, but the waiver of any privilege is hereby expressly limited to allowing you to disclose the information to my attorney only, and all other privileges are hereby expressly retained and not waived.

A copy of this authorization shall be deemed as valid as the original. This authorization shall become effective immediately and remain in effect until revoked by me in writing or for one year from date of signature.

DATED: 03 / 09 / 2023    Signed: *Iedia Hess*

Doc ID: c4578129709614b20dbb33c923afcbe67723f78b

**ATTACHMENT 2: FLSA CONSENT FORM**

**ATTACHMENT 2: FLSA CONSENT FORM**

## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq.</u> against my current/former employer named below, and any other related entities or affiliates (herein after collectively referred as "Defendants").  I authorize my attorneys to attach this consent form to any related complaint filed on my behalf, or as may otherwise be appropriate.

2. This consent form relates to my employment associated with

   Heilind Electronics.

3. I am informed and believe that during my employment, which was within the past three years, there were occasions when I did not receive proper compensation for all of my hours worked.

4. My claims include, but are necessary limited to the following:

   - Overtime

5. I expressly consent to be a party to a claim or lawsuit filed as a collective action. If this action does not proceed collectively, then I also consent to join any subsequent or other action to assert these claims against Defendants and any other related entities or affiliates.

Date 03 / 09 / 2023          Signature *Iedia Hess*

                             Name      Iedia Hess

Doc ID: c4578129709614b20dbb33c923afcbe67723f78b